IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,                        ORDER

      v.                                    96-cr-77-bbc-01

LAWRENCE I. LONDON

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Lawrence I. London's supervised release was held on October 20, 2011, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Grant C. Johnson. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U.S. Probation Officer Helen Healy Raatz.

From the parties' stipulation and the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on May 9, 1997, following his conviction for conspiracy to distribute cocaine base, in violation of 18 U.S.C. § 846, a Class B felony, and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), a Class D felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 160 months, with

a 60-month term of supervised release to follow. On February 22, 2008, defendant's custodial sentence was amended to time served. He began his term of supervised release on March 13, 2008.

On September 15, 2010, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime when he forced entry into a home with intent to commit a robbery, restrained a female occupant by tying her up, and then fled in an attempt to elude capture. This offense resulted in his conviction in the Circuit Court for Marathon County for burglary of a dwelling and attempted armed robbery with use of force. Case No. 2010CF000635.

Defendant's conduct falls into the category of a Grade A violation. Section 7B1.1(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon finding of a Grade A violation.

CONCLUSIONS

Defendant's criminal history category is IV. With a Grade A violation, defendant has an advisory guideline term of imprisonment of 24 to 30 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which a defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines and taking into consideration the lengthy sentence and period of supervised

release imposed on defendant by the Circuit Court for Marathon County, together with defendant's efforts to maintain employment and regain custody of his children, I have selected a sentence at the bottom of the guideline range. The purpose of this sentence is to hold defendant accountable for his violations and protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 9, 1997, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months, to be served concurrently with the sentence defendant is serving in state custody following his conviction in the Circuit Court for Marathon County in Case No. 2010CF000635. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 21st day of October 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
U.S. District Judge